**Vicky MORIN, Plaintiff—Appellant,**

v.

**UNITED STATES of America,
Defendant—Appellee.**

No. 05–16702.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 24, 2007.

Alan S. Levin, Esq., Incline Village, NV, for Plaintiff–Appellant.

Adam Bain, Esq., U.S. Department Of Justice Torts Branch/Civil Division, Washington, DC, Greg Addington, Esq., Office of the U.S. Attorney, Reno, NV, for Defendant–Appellee.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Vicky Morin appeals the district court's grant of summary judgment in favor of the United States of America on her Federal Tort Claims Act negligence case. Morin

sought compensation from the United States for cancer she alleged was caused by her exposure to jet fuel and jet engine exhaust fumes while employed at the Naval Air Station in Fallon, Nevada. The district court held that Morin's only proffered expert testimony—that of her treating physician, Dr. Gary Ridenour—failed to provide sufficient evidence of causation to create a genuine issue of material fact for trial.

The district court did not abuse its discretion in excluding Dr. Gary Ridenour's testimony, and Morin otherwise failed to create a triable issue of causation. We therefore affirm.

■ Dr. Ridenour opined that Morin's plasmacytoma was caused by exposure to jet fuel and/or jet engine exhaust, but he did not conduct any independent research to support his conclusion that jet fuel and jet engine exhaust were generally capable of causing plasmacytoma, nor did the studies he cited provide sufficient support for that principle. *See* Shewit Bezabeh et al., *Does Benzene Cause Multiple Myeloma? An Analysis of the Published Case–Control Literature*, 104 (Supp.6) Envtl. Health Persp. 1393, 1397 (Dec.1996) ("[B]enzene exposure is unlikely to be a causal agent for multiple myeloma."). Additionally, although differential diagnosis is generally accepted as a scientifically valid methodology supporting admissible testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), Dr. Ridenour's expert report did not show whether or how he applied differential diagnosis in determining the cause of Morin's plasmacytoma. *See Clausen v. M/V New Carissa,* 339 F.3d 1049, 1058 (9th Cir.2003). The district court was within its discretion in determining that Dr. Ridenour was not

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

qualified to render an opinion as to general causation, and his method of reaching an opinion regarding specific causation was not sufficiently reliable to be admissible under Federal Rule of Evidence 702 and *Daubert. See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141–42, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).[1]

We further conclude that the district court did not abuse its discretion in failing to hold an evidentiary hearing regarding the admissibility of Dr. Ridenour's proffered testimony, as Morin did not request one and the district court had an adequate record. *Jaros v. E.I. Dupont (In re Hanford Nuclear Reservation Litig.),* 292 F.3d 1124, 1138 (9th Cir.2002); *United States v. Alatorre,* 222 F.3d 1098, 1100 (9th Cir.2000).

**AFFIRMED.**

---

1. Morin also claims the district court erred in excluding Dr. Ridenour's testimony as a Federal Rule of Civil Procedure 37(c)(1) sanction for failure to timely serve her expert designation and report. We affirm the exclusion of Dr. Ridenour's testimony for the reasons discussed above, however, and do not reach the question whether the Rule 37 sanction was appropriate in this case.

